Chaim B. Book, Esq. (CB 4652)
Chris R. Neff, Esq. (CN 1655)
Moskowitz & Book, LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO CASTRO and JEFF JACKSON, | **ECF Case** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| AABC PLUMBING, INC. and DANIEL SHEERI | |
| Defendants. | |

Plaintiffs Ricardo Castro and Jeff Jackson ("Plaintiffs"), by and through their attorneys, Moskowitz & Book, LLP, as and for their complaint against defendants, AABC Plumbing, Inc. ("AABC") and Daniel Sheeri ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiffs are former employees of Defendants, a plumbing company and its owner and operator.

2.     Defendants misclassified Plaintiffs as independent contractors, though the terms and conditions of their employment render them employees under state and federal law.

3.     Each Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation. Plaintiffs were neither paid on an hourly basis nor

paid a salary.  Instead, each Plaintiff was paid arbitrary sums on an irregular basis.  Defendants claimed that the sums paid to Plaintiffs represented a percentage of Defendants' net profit from each job on which Plaintiffs provided labor, though Defendant AABC negotiated prices with clients and Plaintiffs had no say in their compensation. Upon information and belief, Plaintiffs' compensation was less than the applicable federal and state minimum wages.

4.     Plaintiffs bring this action for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

**PARTIES**

5.     At all times hereinafter mentioned, Plaintiff Castro was and still is a resident of New York City, New York.  Throughout his employment, Plaintiff Castro worked exclusively at Defendant AABC.

6.     At all times hereinafter mentioned, Plaintiff Jackson was and still is a resident of New York City, New York.  Throughout his employment, Plaintiff Jackson worked exclusively at Defendant AABC.

7.     Upon information and belief, at all times hereinafter mentioned, Defendant AABC was and still is a corporation duly incorporated and existing under and by virtue of the laws of New York.

8.     Upon information and belief, at all time hereinafter mentioned, Defendant AABC transacts business and maintains an office at 204 East 112 Street, New York, NY 10025.

9.     Upon information and belief, Defendant Daniel Sheeri is an individual residing at 665 West End Avenue, Apartment 12R, New York, NY 10025.

10.     At all times hereinafter mentioned, Defendant Sheeri engaged in business within this judicial district.

11.     Defendant Daniel Sheeri is sued individually and in his capacity as the owner and operator of Defendant AABC.

12.     Upon information and belief, Defendant Daniel Sheeri possesses or possessed operational control over Defendant AABC, possesses or possessed an ownership interest in Defendant AABC, and controls or controlled significant functions of Defendant AABC.

13.     Upon information and belief, Defendant Daniel Sheeri determined the wages and compensation of the employees of Defendants, including Plaintiffs.

14.     Upon information and belief, Defendant Daniel Sheeri established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question).

16.     Pursuant to 28 U.S.C. § 1391, venue lies in the Southern District of New York, because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and because Defendants maintain offices and/or operate their businesses in this district.

## STATEMENT OF FACTS

17.     Defendants operate a plumbing company located in New York, New York.

18.     Defendants hired Plaintiffs to perform plumbing services for an array of clients.  At all relevant times, Defendants supervised and controlled Plaintiffs' performance of plumbing services.

19.     When Plaintiffs were hired, Defendants informed them that Plaintiffs were being hired to work as independent contractors.

20.     Plaintiffs' pay was set to be 25% of the net profit that Defendants earned from each job that Plaintiffs performed.

21.     Defendants set Plaintiffs' schedule, and Plaintiffs could not take time off without prior approval from Defendants.  Defendants, and not Plaintiffs, made appointments with customers and determined at what time and location Plaintiffs would perform services.

22.     Plaintiffs worked every weekday and often worked weekend shifts in addition to their weekday employment.

23.     During Plaintiffs' period of employment, Defendants would, each day, receive calls from customers who were experiencing issues with their plumbing.

24.     Defendants would then instruct Plaintiffs to go to the customers' physical location, where the Defendants' client requested plumbing services.

25.     Plaintiffs would arrive at the specified customer location to diagnose any problems they observed and report their diagnoses to Defendants,

26.     Defendants would then reach out to the customer and bid a price to correct the problem. With repeat customers, which formed a large share of Defendants' business, Defendants would often negotiate the price with the client, rather than quoting a set price based on the anticipated difficulty or duration of the job to be done. Plaintiffs had no part in this process.

27.     When Defendants and their customer had agreed upon a price for plumbing services, Defendants would inform Plaintiffs of what work was to be done, and instruct them to begin the necessary repairs or other plumbing services.

28.     Defendants provided Plaintiffs with a corporate debit card to pay for business expenses; Defendants supplied the parts that Plaintiffs used to perform plumbing services; and Defendants supplied Plaintiffs with vans with which to conduct Defendants' business.

29.     Upon information and belief, Defendants did not track the amount of hours Plaintiffs worked at any customer location.  If a customer called Defendants to complain that Plaintiffs' work was not satisfactory, Defendants required Plaintiffs to return and perform additional labor without additional compensation.

30.     Plaintiffs were not paid on a regular schedule.  Instead, at arbitrary and irregular intervals, Defendant Sheeri called each Plaintiff into his office, where Defendant Sheeri recounted what jobs were being paid, at what rate.  It was Defendant Sheeri's practice to deduct various "costs," such as costs related to the use of Defendants' vans and pay for other laborers who worked with Plaintiffs, from the amounts paid to each Plaintiff.  Defendant Sheeri did not provide Plaintiffs with records showing what Defendants had billed on each job, or with documentation of the costs being deducted, making it impossible for Plaintiffs to determine whether the amounts they were paid had any logical relationship to the labor they had performed.

31.     Defendants forbade Plaintiffs from "moonlighting" or performing work for anyone other than Defendants, whether as employees of another plumbing company, as independent contractors, or on their own behalf.

32.     Defendants possessed substantial control over the working conditions of Plaintiffs, and over the policies and practices with respect to the employment and compensation of Plaintiffs.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services. In addition, Plaintiffs were an integral part of Defendants' business.

33.     Accordingly, Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

### Plaintiff Ricardo Castro

34.     Plaintiff Castro is a former employee of Defendants.  Plaintiff Castro was employed as a Plumber by Defendants, and performed plumbing services on behalf of Defendants for clients across the New York City metropolitan area.

35.     Plaintiff Castro's employment with Defendants began in May, 2012. Plaintiff Castro was employed by Defendants until November 30, 2016.

36.     Plaintiff Castro regularly handled goods in interstate commerce, such as plumbing parts produced outside the state of New York.

37.     Plaintiff Castro's duties required neither discretion nor independent judgment.

38.     When Plaintiff Castro was hired, he was informed that he would be an independent contractor.

39.     However, Plaintiff Castro was treated as an employee. Each morning he reported to Defendants' office; he drove Defendants' van; performed services for Defendants' clients in Defendant AABC's name; used Defendants' debit card to purchase parts and supplies; and performed services at the direction of Defendants.

40.     When Plaintiff Castro began his employment with Defendants, Defendants informed him that he would be paid 25% of the net profit that Defendants earned from each job that Plaintiff Castro performed.

41.     Because Defendants negotiated the prices of these jobs, excluding Plaintiff Castro from this discussion, Plaintiff Castro had no say in his compensation and in fact did not know exactly how much he made from a job until well after he had performed services.

42.     Defendants required Plaintiff Castro to work for them from 8:00 AM to between 5:00 and 7:00 PM weekdays, and every third weekend.

43.     Defendants required Plaintiff Castro to work every other weekend during the first two years of his employment, and approximately every third weekend thereafter.

44.     Plaintiff Castro thus worked for Defendants approximately 50 to 70 hours a week.

45.     Despite working well over 40 hours per week during each week of his employment, Plaintiff Castro was only compensated on a per-job basis.

46.     Defendants paid Plaintiff Castro at irregular and arbitrary intervals, and he was never provided the opportunity to independently verify that his wages were actually the agreed-upon 25% of Defendants' net profit.

47.     Plaintiff Castro's total compensation fell below the applicable minimum wage, and Defendants never paid him overtime as required under both state and federal law.

48.     Defendants never provided Plaintiff Castro with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

49.     No notification, either in the form of posted notices or other means, was given to Plaintiff Castro regarding overtime and minimum wages under the FLSA and the NYLL.

50.     Defendants required Plaintiff Castro to compensate them for using Defendants' van, usually requiring Plaintiff Castro to pay $300 each month.

**Plaintiff Jeff Jackson**

51.     Plaintiff Jackson is a former employee of Defendants.  Plaintiff Jackson was employed as a plumber by Defendants and performed plumbing services on behalf of Defendants for clients across the New York City metropolitan area.

52.     Plaintiff Jackson's employment with Defendants began in 2011.  Plaintiff Jackson was employed by Defendants until April 2016.

53.     Plaintiff Jackson regularly handled goods in interstate commerce, such as plumbing parts produced outside the state of New York.

54.     Plaintiff Jackson's duties required neither discretion nor independent judgment.

55.     When Plaintiff Jackson was hired, he was informed that he would be an independent contractor.

56.     However, Plaintiff Jackson was treated as an employee. He drove Defendants' van; performed services for Defendants' clients in Defendant AABC's name; used Defendants' debit card to purchase parts and supplies; and performed services at the direction of Defendants.

57.     When Plaintiff Jackson began his employment with Defendants, Defendants informed him that he would be paid 25% of the net profit that Defendants earned from each job that Plaintiff Jackson performed.

58.     Because Defendants negotiated the prices of these jobs, excluding Plaintiff Jackson from this discussion, Plaintiff Jackson had no say in his compensation and in fact did not know exactly how much he made from a job until well after he had performed services.

59.     Defendants required Plaintiff Jackson to work for them from 8:00 AM to between 5:00 and 7:00 PM weekdays, and every third weekend initially.

60.     During his employment, Defendants required Plaintiff Jackson to work every other weekend.

61.     Plaintiff Jackson thus worked for Defendants approximately 50 to 70 hours a week.

62.     Despite working well over 40 hours per week during each week of his employment, Plaintiff Jackson was only compensated on a per-job basis.

63.     Defendants paid Plaintiff Jackson at irregular and arbitrary intervals, and he was never provided the opportunity to independently verify that his wages were actually the agreed-upon 25% of Defendants' net profit.

64.     Plaintiff Jackson's total compensation fell below the applicable minimum wage, and Defendants never paid him overtime as required under both state and federal law.

65.     Defendants never provided Plaintiff Jackson with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

66.     No notification, either in the form of posted notices or other means, was given to Plaintiff Jackson regarding overtime and minimum wages under the FLSA and NYLL.

67.     Defendants required Plaintiff Jackson to compensate them for using Defendants' van, usually requiring Plaintiff Jackson to pay $300 each month.

## **Defendants' General Employment Practices**

68.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours per week without paying them appropriate minimum wage and overtime, as required by federal and state laws.

69.     Plaintiffs' effective rate of pay was below the required minimum and overtime wage rate.

70.     Plaintiffs are not exempt from the relevant provisions of the FLSA and NYLL.

71.     Defendants willfully violated Plaintiffs' rights under the FLSA and the NYLL by failing to pay wages as required by law.

72.     As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice and/or policy of violating the FLSA and the NYLL.

73.     Defendants failed to post required wage and hours posters in the workplace, and did not provide Plaintiffs and other similarly situated employees with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws and to take advantage of Plaintiffs.

74.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records; by misclassifying Plaintiffs as independent contractors; and by compensating Plaintiffs based on an opaque earnings structure, rather than on an hourly basis.

75.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth the minimum wage and overtime wage rates.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of the Minimum Wage Provisions of the FLSA)

76.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 as if fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

78.     Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation.

79.     At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

80.     Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81.     Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiffs were damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of the Overtime Provisions of the FLSA)

83.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 82 as if fully set forth herein.

84.     Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

85.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiffs were damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of the New York Minimum Wage Act)

87.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 86 as if fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of NYLL §§ 2 and 651.

89.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of their employment, and determine the rates and methods of any compensation in exchange for their employment.

90.     Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(a) and the supporting regulations of the New York State Department of Labor.

91.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

92.     Plaintiffs were damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the NYLL)

93.     Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 92 above as though fully set forth herein.

94.     Defendants, in violation of NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

96.     Plaintiffs were damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Wage Notice Provisions of the NYLL)

97.     Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 96 above as though fully set forth herein.

98.     NYLL § 195(1)(a) requires Defendants to provide Plaintiffs with a wage notice meeting enumerated criteria at the commencement of their employment.

99.     NYLL § 195(1)(a) requires Defendants to obtain Plaintiffs' signature on such wage notice at the commencement of their employment.

100.    Defendants willfully failed and refused to furnish Plaintiffs with wage notices at the commencement of their employment.

101.    Defendants willfully failed and refused to provide Plaintiffs with the opportunity to sign such wage notices.

102.    Pursuant to NYLL § 198(1-b), Plaintiffs are entitled to damages for Defendants' failure to provide them with wage notices.

103.    Plaintiffs were damaged in an amount to be determined at trial.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of the Wage Statements Provisions of the NYLL)

104.    Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 103 above.

105.    NYLL § 198(3) requires Defendants to provide Plaintiffs with a wage statement meeting enumerated criteria each time Defendants remunerate Plaintiffs.

106.    Defendants willfully failed and refused to furnish Plaintiffs with wage statements each time Defendants remunerated Plaintiffs.

107.    Pursuant NYLL § 198(1-d), Plaintiffs are entitled to damages for Defendants' failure to provide them with wage statements.

108.    Plaintiffs were damaged in an amount to be determined at trial.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Violation of the Frequency-of-Pay Provisions of the NYLL)

109.    Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 108 above.

110.    Plaintiffs were "manual workers" within the meaning of NYLL § 191(1)(a)(i).

111.    NYLL § 191(1)(a)(i) required Defendants to pay Plaintiffs seven calendar days after the end of the week in which Plaintiffs earned their wages.

112.    Defendants willfully refused and failed pay Plaintiffs within seven calendar days after the end of the weeks in which Plaintiffs earned their wages.

113.    Pursuant NYLL § 198(1), Plaintiffs are entitled to damages for Defendants' failure to pay Plaintiffs during the permissible statutory period.

114.    Plaintiffs were damaged in an amount to be determined at trial.

### AS AND FOR AN EIGTH CAUSE OF ACTION
(Violation of the Spread-of-Hours Regulations of the NYLL)

115.    Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 114 above.

116.    12 NYCRR § 142-2.18 requires Defendants to pay plaintiffs an additional hour on days during which Plaintiffs worked more than ten hours.

117.    Throughout their employment, Plaintiffs often worked more than ten hours per day.

118.    Defendants willfully did not remunerate Plaintiffs with an additional hour's pay for these qualifying days.

119.    Defendants' failure to pay Plaintiffs as required was willful within the meaning of NYLL § 663.

120.    Plaintiffs were damaged at an amount to be determined at trial.

### RELIEF SOUGHT

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

(a)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA;

(b)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA;

(c)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA;

(d)    Declaring that Defendants' violation of the provisions of the FLSA was

willful as to Plaintiffs;

(e)   Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages;

(f)   Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages;

(g)   Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(h)   Declaring that Defendants have violated the overtime wage provisions of, and rules and order promulgated under, the NYLL;

(i)   Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, and wages;

(j)   Declaring that Defendants' violations of the NYLL and the FLSA were willful;

(k)   Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages under the NYLL;

(l)   Awarding Plaintiffs damages for Defendants failure to provide them with wage notices as required under the NYLL;

(m)   Awarding Plaintiffs damages for Defendants failure to provide them with wage statements as required under the NYLL;

(n)   Awarding Plaintiffs damages for Defendants failure to timely compensate them as required by the NYLL;

(o)   Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime

compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Awarding Plaintiffs pre-judgment and post-judgment interest, as

applicable;

(q)     Awarding Plaintiffs the expenses incurred in this action, including costs

and attorney's fees; and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury as to all issues.

Dated:    New York, New York
          February 16, 2017

MOSKOWITZ & BOOK, LLP

By:_____
Chaim B. Book (CB 4652)
Chris Neff (CN 1655)
Attorneys for Plaintiff
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999