UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RICARDO CASTRO AND JEFF          :
JACKSON,
                    Plaintiffs,          :

                 v.                      :

                                                    **REPORT AND RECOMMENDATION**

AABC CONSTRUCTION, INC. a/k/a    :
AABC PLUMBING AND DANIEL               17-CV-1205 (VSB) (KNF)
SHEERI,                          :
                    Defendants.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE VERNON S. BRODERICK, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Ricardo Castro and Jeff Jackson commenced this action against AABC Construction, Inc.

a/k/a AABC Plumbing ("AABC"), an emergency-service plumbing business, and Daniel Sheeri

("Sheeri"), AABC's owner, for unpaid wages and overtime compensation under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and New York Labor Law ("NYLL"), §§ 190

et seq. and 650 et seq.  The plaintiffs allege that the defendants: (a) failed to pay them minimum

wages under FLSA and NYLL; (b) failed to pay them overtime compensation under FLSA and

NYLL; (c) violated NYLL's wage provisions; (d) violated NYLL wage statements provisions;

(e) violated NYLL's frequency-of-pay provisions; and (f) failed to compensate them with

spread-of-hours pay under NYLL.  The Clerk of Court issued a certificate of default against

AABC.  See Docket Entry No. 21.  The plaintiffs' motion for a judgment by default against

AABC was denied, without prejudice, and Sheeri was instructed that a notice of appearance by

counsel on behalf of AABC should be filed.  See Docket Entry No. 26.  Thereafter, no counsel

entered an appearance on behalf of AABC.  Before the Court is the plaintiffs' motion for

summary judgment, opposed by Sheeri, proceeding pro se.

## PLAINTIFFS' CONTENTIONS

The plaintiffs assert that Sheeri exercised operational control over all aspects of AABC's

business, including AABC's policies, hiring, work assignments, the rate and basis of

compensation, methods and frequency of payment, as well as AABC's day-to-day operations.

According to the plaintiffs, they were employees under FLSA, despite the defendants' "self-

serving misclassification of them as 'independent contractors.'"  The plaintiffs contend that they

> worked at AABC's direction, and at the direction of Sheeri and his assistant. They
> were obligated to accept the jobs Sheeri and AABC assigned to them, depended on
> AABC to provide them with customers and work to perform, were deprived of
> pricing information that would allow them to determine whether performing the
> "work-order" jobs they were assigned made economic sense, and could not
> negotiate the prices most customers were charged for their work. Nor were they
> permitted to work or solicit customers on their own behalf, or for any company
> [other] than AABC. As a result, Plaintiffs had no opportunity for profit or loss based
> on their own entrepreneurial judgment. Instead, they were financially dependent on
> AABC and AABC's decision-making. Plaintiffs also depended on AABC to attract
> management company clients and negotiate management company contracts, from
> which AABC realized the primary return (or loss). Plaintiffs' work required little
> professional skill or independent expertise. Their labor constituted the core (and
> only) service that AABC offered to its customers.

The plaintiffs maintain that AABC and Sheeri exercised substantial control over them,

determined what customers they would service, dispatched them to customer locations as

needed, required them to call for approval before beginning work and set the prices for the

plaintiffs' work.  The plaintiffs used AABC's vehicles, tools, uniforms and invoices.  The

plaintiffs "were supposedly paid a percentage of net profits on the work they did for AABC";

however, they were "compensated through weekly flat-rate payments, described as 'advances'

without regard to the number of jobs they completed or the hours they worked."  Moreover, the

plaintiffs' jobs did not require specialized skills and AABC plumbers "received little or no

substantive training before being deployed to complete AABC jobs." The plaintiffs assert that they worked for AABC on a fixed schedule for a period of years, "had to get AABC's approval before taking time off for appointments or for vacation, and they were not permitted to work for other companies, or for their own accounts, on days when AABC considered them to be at work or on standby." According to the plaintiffs, their work was integral to AABC's business because AABC's sole source of income is the work done by its plumbers, and the plaintiffs "were AABC's only plumbers for substantial periods of their employment." For the same reasons, the plaintiffs assert, they were also employees under NYLL.

In support of their motion, the plaintiffs submitted their Local Civil Rule 56.1 statement of the material facts as to which the plaintiffs contend there is no genuine issue to be tried and an affidavit by their attorney with exhibits. The plaintiffs' Rule 56.1 statement includes the following paragraphs:

33. Plaintiffs were expected to be at the AABC office, if they were not at an AABC work site, no later than 8:30 or 9:00 each weekday morning, and they were required to accept assignments until 5:00 p.m. and remain at work until the last job of the day was complete. Occasionally, they were given jobs starting later than 5:00 p.m. Plaintiffs were not permitted to attend to their own business during working hours, or to leave their posts early, even if there were no jobs to be done. (Castro Dep. 26:13-29:6, 43:4-8, 44:6-47:22, 49:4-22, 82:8-13, 212:9-213:5; Jackson Dep. 45:8-21, 48:22-49:9, 57:3-15, 69:5-17, 70:5-72:9, 122:15-20.)

34. AABC requires that one of its plumbers be on duty every weekend. Accordingly, at times when AABC had only two plumbers, each worked alternating weekend. When there were three plumbers at AABC, each worked every third weekend. (Hernandez Dep. 82:18-83:10, Castro Dep. 82:14-83:2; Jackson Dep. 131:14-132:15.) On the weekends they worked, Plaintiffs were required to be on call or on "standby," waiting to be dispatched, between 9:00 a.m. and 5:00 p.m. on both Saturday and Sunday. When called, they were expected to get in their vans and report to the job site as quickly as possible. They were not able to make their own plans or use their time for their own purposes while on standby. (Castro Dep. 84:11-86:17, Jackson Dep. 45:8-21, 122:21-123:16.)

35. Sheeri told Jackson that he was not permitted to work for other companies or to service clients of his own. (Jackson Dep. 42:6-43:12, 44:18-25.) Sheeri told Castro that he was angry because he believed Jackson was doing jobs for another company during Jackson's affiliation with AABC. Castro understood from this

3

conversation that AABC plumbers were forbidden from working anywhere else while employed by AABC. (Castro Dep. 22:9-24:12.)

## DEFENDANT SHEERI'S CONTENTIONS

In support of his opposition to the plaintiffs' motion, Sheeri submitted his declaration and Local Civil Rule 56.1 statement. Sheeri contends that a genuine dispute of material facts exists concerning the plaintiffs' "entitlement to minimum wage, overtime, and spread [of] hours under the FLSA or NYLL." According to Sheeri, the plaintiffs failed to support their conclusory claim that their "standby" hours were restricted "in any way, shape or form."

Sheeri states in his declaration that the plaintiffs' claim that they "were expected to be at the worksite no later than 8:30 or 9:00 a.m. each weekday morning and were required to accept assignments until 5 p.m. and remain at work until the last job of the day was complete" is "untrue and not consistent with industry practices." Sheeri's declaration includes the following paragraphs:

> 4. Plaintiffs only provided services if and when needed. Plaintiffs['] services were only required when there was a job assignment. If there was no job, the Plaintiffs would not work. Plaintiffs had no set work schedule. Plaintiffs were on "standby" and only required to work if there was a job or assignment and they were available. If there was no job or assignment, the Plaintiffs were not required to be at any worksite.
> 5. The Plaintiffs only worked "on-call" assignments. When Plaintiffs were not on assignment they were free to use their time for personal use, or work another job. These "standby" hours had non-restricted conditions and therefore such time do [sic] not qualify as "hours worked," as alleged by the Plaintiffs. The Plaintiffs' statements that they were not able to use "standby" time for their own purposes are blatant lies. Pls.' 56.1; ¶ 34.
> 6. . . . It is simply untrue that "[t]hey were not able to make their own plans or use their time for their own purposes while on standby." Id.

## PLAINTIFFS' REPLY

The plaintiffs contend that Sheeri's Rule 56.1 statement does not comply with the Local Civil Rule 56.1 because it does not contain citation to any evidence in connection with the

4

paragraphs from the plaintiffs' Rule 56.1 statement that Sheeri disputes.  According to the

plaintiffs, the facts from their Rule 56.1 statement that Sheeri does not dispute are sufficient for

the Court to grant summary judgment on liability and set the matter for an inquest on damages.

## LEGAL STANDARD

A motion for summary judgment should be granted "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56 (a).  "[T]he substantive law will identify which facts are material.  Only

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or

unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.

Ct. 2505, 2510 (1986).  A "dispute about a material fact is 'genuine' . . . if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." Id.  "Credibility

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

facts are jury functions, not those of a judge." Id. at 255, 106 S. Ct. at 2513.

> There is no requirement that the trial judge make findings of fact.  The inquiry
> performed is the threshold inquiry of determining whether there is the need for a
> trial—whether, in other words, there are any genuine factual issues that properly
> can be resolved only by a finder of fact because they may reasonably be resolved
> in favor of either party. . . .  If reasonable minds could differ as to the import of the
> evidence[, summary judgment is improper].

> Id. at 250, 106 S. Ct. at 2511.

"The strictures of both the FLSA and NYLL apply only to employees." Glatt v. Fox

Searchlight Pictures, Inc., 811 F.3d 528, 534 (2d Cir. 2016).  Under FLSA, "the term 'employee'

means any individual employed by an employer." 29 U.S.C. § 203(e)(1).  FLSA defines

"employ" as "to suffer or permit to work." 29 U.S.C. § 203(g).  "New York likewise defines

'employee' as 'any individual employed, suffered or permitted to work by an employer.'

N.Y.C.R.R. [New York Codes Rules and Regulations] § 142–2.14(a).  Because the statutes

define 'employee' in nearly identical terms, we construe the NYLL definition as the same in

substance as the definition in the FLSA."  Glatt, 811 F.3d at 534 (citing Zheng v. Liberty

Apparel Co., 355 F.3d 61, 78 (2d Cir. 2003)).

> Several factors are relevant in determining whether individuals are "employees" or
> independent contractors for purposes of the FLSA. These factors, derived from
> *United States v. Silk,* 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947) (Social
> Security Act), and known as the "economic reality test," include: (1) the degree of
> control exercised by the employer over the workers, (2) the workers' opportunity
> for profit or loss and their investment in the business, (3) the degree of skill and
> independent initiative required to perform the work, (4) the permanence or duration
> of the working relationship, and (5) the extent to which the work is an integral part
> of the employer's business.

> Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988).

 "[T]he determination of whether an employer-employee relationship exists for purposes of the

FLSA should be grounded in 'economic reality rather than technical concepts,' . . . determined

by reference not to 'isolated factors but rather upon the circumstances of the whole activity.'"

Saleem v. Corp. Transp. Grp., Ltd., 854 F.3d 131, 140 (2d Cir. 2017)(quoting Barfield v. New

York City Health & Hospitals Corp., 537 F.3d 132, 141 (2d Cir. 2008)).   The factors identified

in Silk "are helpful only insofar as they elucidate the 'economic reality' of the arrangement at

issue" and courts are cautioned "against their 'mechanical application.'"   Id. at 139-40.

## APPLICATION OF LEGAL STANDARD

The degree of control that AABC and Sheeri exercised over the plaintiffs, including the

plaintiffs' schedule, are disputed material facts.  See id. at 146 ("The ability to choose how much

to work also weighs in favor of independent contractor status.").   In their reply, the plaintiffs do

not contend that Sheeri's declaration in opposition to their motion, "by omission or addition,

contradicts [his] previous deposition."  Hayes v. New York City Dep't of Corrections, 84 F.3d

614, 619 (2d Cir. 1996).  In his declaration, Sheeri contradicted the plaintiffs' statements concerning the degree of control that AABC and Sheeri exercised over their work, including their schedule.  For example, the plaintiffs contend that they "were expected to be at the AABC office, if they were not at an AABC work site, no later than 8:30 or 9:00 each weekday morning," and "they were required to accept assignments until 5:00 p.m. and remain at work until the last job of the day was complete."  However, according to Sheeri, the plaintiffs "only provided services if and when needed," so "[i]f there was no job, the Plaintiffs would not work. Plaintiffs had no set work schedule" and they were "only required to work if there was a job assignment and they were available."  The plaintiffs contend that they "were not permitted to attend to their own business during work hours, or to leave their posts early, even if there were no jobs to be done," whereas Sheeri asserts that "[w]hen Plaintiffs were not on assignment they were free to use their time for personal use, or work another job," and it is "untrue that '[t]hey were not able to make their own plans or use their time for their own purposes while on standby.'"  Although Sheeri failed to support his Rule 56.1 statement with citation to admissible evidence, his declaration, contradicting the plaintiffs' factual assertions respecting the issue of whether the plaintiffs are employees under FLSA and NYLL is admissible evidence.   Given that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," Anderson, 477 U.S. at 255, 106 S. Ct. at 2513, the Court finds that genuine disputed issues of material fact exist concerning the economic reality arrangement at issue that can be resolved only by a finder of fact. Accordingly, granting summary judgment is not warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that the plaintiffs' motion, Docket Entry No. 62, be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Vernon S. Broderick, 40 Centre Street, Room 415, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Broderick. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York           Respectfully submitted,
       January 17, 2020

                                    KEVIN NATHANIEL FOX
                                    UNITED STATES MAGISTRATE JUDGE