MOSKOWITZ & BOOK, LLP
345 Seventh Ave, 21st Floor
New York, New York 10001
Telephone: (212) 221-7999

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO CASTRO and JEFF JACKSON,

                Plaintiffs,

vs.

AABC CONSTRUCTION, INC. a/k/a AABC PLUMBING, and DANIEL SHEERI

                Defendants.

17 Civ. 1205 (VSB) (KNF)

**PLANTIFFS' OBJECTIONS TO
REPORT AND RECOMMENDATION**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

THE UNDISPUTED FACTS ................................................................................................... 2

THE UNCONTROVERTED FACTS ....................................................................................... 4

ARGUMENT ........................................................................................................................... 5

    I.    Plaintiffs are Entitled to Summary Judgment Holding Sheeri Individually Liable ......................................................................................................................... 5

    II.    Plaintiffs are Entitled to Summary Judgment on Liability on Their FLSA Wage and Overtime Claims ......................................................................................... 6

    III.    Plaintiffs are Entitled to Summary Judgment on Liability on Their Substantive NYLL Wage-and-Hour Causes of Action ............................................... 7

    VI.    Plaintiffs are Entitled to Summary Judgment on Their Causes of Action for Violations of the NYLL's Wage Notice, Wage Statement, and Spread-of-Hours Provisions ...................................................................................................... 9

    V.    Plaintiffs are Entitled to Summary Judgment Declaring That They Are Entitled to Double Damages, Reasonable Attorneys' Fees, and Prejudgment Interest on their NYLL Claims ........................................................................... 10

CONCLUSION ..................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Amaya v. Superior Tile & Granite Corp.*,
  10 Civ. 4525, 2012 WL 130425 (S.D.N.Y. Jan. 17, 2012) .......................................................... 2

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................................... 5

*Brock v. Superior Care, Inc.*,
  840 F.2d 1054 (2d Cir. 1988) ..................................................................................................... 6

*Carter v. Dutchess Community College*,
  735 F.2d 8 (2d Cir.1984) ............................................................................................................ 5

*Gemini Ins. Co. v. Titan Constr. Servs., LLC*,
  No. 17 Civ. 8963 (WHP), 2019 WL 4023719 (S.D.N.Y. Aug. 27, 2019) .................................. 8

*Herman v. RSR Sec. Services Ltd.*,
  172 F.3d 132 (2d Cir.1999) ........................................................................................................ 5

*Schear v. Food Scope Am., Inc.*,
  297 F.R.D. 114 (S.D.N.Y. 2014) ................................................................................................ 5

*Traver v. Lowe's Home Centers, Inc.*,
  No. 12 Civ. 3528 (SLT)(VVP), 2014 WL 12825659 (E.D.N.Y. June 27, 2014), *report and recommendation adopted sub nom. Traver v. Lowe's Home Centers, LLC*, No. 12 Civ. 3528 (AMD)(PK), 2016 WL 880169 (E.D.N.Y. Mar. 1, 2016) ........................................................... 7

**Rules**

Fed. R. Civ. P. 56, *et seq.* ................................................................................................................ 5

Fed. R. Civ. P. 72 ............................................................................................................................ 1

Local Civil Rule 56.1 ...................................................................................................................... 4

**Statutes**

N.Y. Lab. Law § 861, *et seq.* ................................................................................................. passim

N.Y. Lab. Law §195, *et seq.* ........................................................................................................ 11

N.Y. Lab. Law §198, *et seq.* ........................................................................................................ 12

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72, Plaintiffs Ricardo Castro and Jeff Jackson respectfully submit these Objections to the January 17, 2020 Report and Recommendation of the Honorable Magistrate Judge Fox (the "R&R").  The R&R recommends that Plaintiffs' motion for summary judgment be denied because of factual disputes concerning the total number of hours worked by Plaintiffs, and particularly whether Plaintiffs are entitled to compensation for the hours they spent on "standby" between assignments.  Those factual disputes are not relevant to the resolution of Plaintiffs' motion, which seeks summary judgment solely on the issue of Defendants' liability for violations of the wage-and-hour laws, and they need not be resolved until the damages phase, after summary judgment on liability is granted.[1]

Plaintiffs are entitled to summary judgment on liability under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[2]  Plaintiffs were employees of Defendants for purposes of FLSA and the NYLL, and there is no dispute that Defendants did not comply with the pay and notice requirements imposed on employers by the NYLL.  Accordingly, Plaintiffs are entitled to summary judgment on liability on each of their claims.  Accordingly, the Court should reject the R&R's recommendation that summary judgment be denied; should grant Plaintiffs summary judgment on liability on each of their claims; and should set this matter down

---

[1] Plaintiffs seek an immediate award of damages on their causes of action under the Wage Theft Prevention Act, which is strict liability and provides for statutory damages, and as to which there are no factual disputes.

[2] Plaintiffs do not seek summary judgment on their Seventh Cause of Action, for violations of the NYLL's frequency-of-pay provisions.

for an inquest on damages, at which the factual disputes concerning the total hours worked by Plaintiffs may be resolved.[3]

## THE UNDISPUTED FACTS

Sheeri admits the following facts.  (*See* D. 56.1 ¶ 1 (admitting the facts contained in Paragraphs 1-7, 9, 12-20, 23-25, 27-29, 31-32, 36-44, 49-52, 54-55, 58, and 62-65 of Plaintiffs' Rule 56.1 statement).)[4]

AABC is an emergency-service plumbing business and has no source of income other than providing simple plumbing repair services.  (Pl. 56.1 ¶¶ 1, 4, 7.)  AABC provides all of its services through purported "independent contractors" like Plaintiffs, but Sheeri and AABC do not consider anyone affiliated with the company to be an employee.  (Pl. 56.1 ¶¶ 4, 9.)  AABC services both private customers and management companies.  (Pl. 56.1 ¶¶ 38-41.)  It obtains private customers through advertising, and it negotiates contracts directly with management companies.  (Pl. 56.1 ¶¶ 40, 42.)  When work is performed for management companies, AABC bills them directly. (Pl. 56.1 ¶ 44.)  When work is performed for private customers, those customers are given invoices bearing AABC's name, logo, and contact information.  (Pl. 56.1 ¶ 54.)  During the period when Plaintiffs performed plumbing work on behalf of AABC, the bulk of AABC's business was for management companies.  (Pl. 56.1 ¶ 43.)

---

[3] Because Defendants failed to keep and produce in discovery any record of the hours worked by Plaintiffs, Plaintiffs will be entitled, at the damages phase, to a presumption that their recollection of hours worked is correct. *See, e.g., Amaya v. Superior Tile & Granite Corp.*, 10 Civ. 4525, 2012 WL 130425, at *7 (S.D.N.Y. Jan. 17, 2012) ("When an employer fails to keep accurate records, or keeps no records, courts permit the employee to carry his burden of proof [under the FLSA and NYLL] based upon his recollection of hours worked, which is presumed to be correct.").  While the total number of hours Plaintiffs worked need not be determined on this motion, it was nevertheless error for the R&R to find that Sheeri's affirmation in opposition to summary judgment called into dispute Plaintiffs' deposition testimony concerning their hours worked, in the absence of any record-keeping by the employer.

[4] Citations to "Pl. 56.1" are to Plaintiffs' Rule 56.1 Statement, and citations to "D. 56.1" are to the Rule 56.1 counterstatement filed by Defendant Sheeri.

2

AABC's plumbers, including Plaintiffs, are required to drive AABC-owned vans, bearing AABC's name and contact information, whenever they go out to do an AABC job. (Pl. 56.1 ¶ 50.) AABC and Sheeri pay the cost of gasoline, parking, repairs, and maintenance for the vans, as well as automobile insurance. (Pl. 56.1 ¶ 51.) AABC's plumbers work under AABC's insurance policies and AABC does not require them to carry insurance of their own. (Pl. 56.1 ¶ 36.) AABC pays for the parts and tools its plumbers use on the job. (Pl. 56.1 ¶¶ 22-24, 28-29.) AABC also provides whatever large equipment is needed, such as sewer and drain cleaning machines. (Pl. 56.1 ¶ 30.[5])

When interacting with customers, AABC plumbers are required to represent themselves as AABC personnel, including by wearing AABC uniforms, driving AABC vans, and providing AABC invoices. (Pl. 56.1 ¶¶ 50, 52, 54.) Plaintiffs were not permitted to represent themselves to AABC customers as being self-employed or employed by any entity other than AABC. (Pl. 56.1 ¶¶ 54-55.)

Sheeri is the sole owner and the President of AABC. He is the boss, and he oversees what is going on at the company. (Pl. 56.1 ¶ 3.) He is the only person at AABC with the authority to hire or fire a plumber. (Pl. 56.1 ¶ 63.) He alone made the decision to hire Plaintiffs. (Pl. 56.1 ¶ 64.) Sheeri considered Plaintiffs to be obligated to do whatever work he gave them, any time of day. (Pl. 56.1 ¶ 32.) Sheeri considered "everyone that worked with [him]" to be on call at all times, and believed that "his guys" (i.e., Plaintiff and AABC's other plumbers) were obligated to do jobs whenever he called them to do so. (Pl. 56.1 ¶ 31-32.) For that reason, Sheeri preferred to give jobs to "his guys," rather than calling a true outside contractor who

---

[5] Sheeri did not respond to Paragraph 30 of Plaintiffs' Rule 56.1 statement, which should therefore be deemed admitted. Local Civil Rule 56.1(c).

3

might turn down the job. (Pl. 56.1 ¶ 31.) AABC warrantied the work done by Plaintiffs for a period of one to three months. (Pl. 56.1 ¶ 49.)

Sheeri handles AABC's payroll, and he decided when Plaintiffs would be paid, and how much they would be paid. (Pl. 56.1 ¶¶ 14-15.) Sheeri is also responsible for reviewing AABC plumbers' use of company credit cards for business expenses. (Pl. 56.1 ¶ 16.)

In exchange for their labor, Plaintiffs were ostensibly to be paid 25% of the profits earned on their work. (Pl. 56.1 ¶ 57.) Their share of profits was calculated at "close-out" meetings, held at irregular intervals of approximately every three to six months. (Pl. 56.1 ¶ 58.)

## THE UNCONTROVERTED FACTS

Sheeri disputes the following facts in his Rule 56.1 counterstatement but fails to controvert them by citation to any admissible evidence, or to rebut them in the affidavit he filed in opposition to summary judgment. Accordingly, the following facts should be deemed undisputed pursuant to Local Civil Rule 56.1:[6]

No time clock is used at AABC, and AABC keeps no contemporaneous records of the hours worked by its plumbers. (Pl. 56.1 ¶ 10.)

Plaintiffs received "advances" against their share of profits every Friday. These "advances" were in equal amounts each week, without regard to how many hours they had worked that week. (Pl. 56.1 ¶ 60.) The advances were subtracted from Plaintiff's share of profits at the irregular "close-out" sessions. Frequently, Plaintiffs would be told at the end of the "close-out" that they owed money to AABC because their weekly advances exceeded the amount of commissions they had earned. (Pl. 56.1 ¶ 61.)

---

[6] The R&R notes, but does not recommend a ruling on, Plaintiffs' argument that facts not controverted by Sheeri should be deemed admitted. Plaintiffs object that it was error for the R&R not to consider the facts Sheeri failed to controvert.

Sheeri admits that his practice was to discard all records related to close-outs a few weeks after each close-out session. (*See* D. 56.1 ¶ 1 (admitting the facts contained in Paragraph 62 of Plaintiffs' Rule 56.1 statement).)

## ARGUMENT

Plaintiffs are entitled to summary judgment because there is no genuine dispute as to any fact material to liability. Fed. R. Civ. P. 56(a). Though Sheeri disputes, without evidentiary support, some of the facts to which Plaintiffs testified, those facts are not material to the question of his liability, or AABC's liability, under FLSA or under the ("NYLL") and the New York Construction Industry Fair Play Act ("CIFPA"), N.Y. Lab. Law § 861, *et seq*. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that "material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit").

**I.     Plaintiffs are Entitled to Summary Judgment Holding Sheeri Individually Liable**

To determine whether an individual is an employer under FLSA and the NYLL, and thus individually liable for violations of those statutes, courts in the Second Circuit apply an "economic reality" test. The "relevant factors include 'whether the alleged employer' (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 139 (2d Cir.1999) (*quoting Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir.1984)); *see also Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 134 (S.D.N.Y. 2014) (analyzing "whether the individual Defendants qualify as 'employers' under the FLSA and NYLL together, using the FLSA standard").

As he does not dispute, Sheeri exercised operational control over all aspects of AABC's business and Plaintiff's work. He decided to hire Plaintiffs as plumbers, set the rate and basis of

5

their pay, and established the conditions of their employment. Sheeri approves (or disapproves) expenditures made by plumbers in the course of their duties, keeps AABC's books and records, and otherwise oversees all aspects of AABC's day-to-day operations. As his assistant puts it, he is "the boss" at AABC and "he oversees what's going on in the company." (Pl. 56.1 ¶ 9.) Given the extraordinary degree of operational control Sheeri exercises over AABC, and especially the degree of control and supervisory authority he held over Plaintiffs, Plaintiffs are entitled to summary judgment declaring Sheeri to be individually liable under both FLSA and the NYLL.

## II. Plaintiffs are Entitled to Summary Judgment on Liability on Their FLSA Wage and Overtime Claims

As set forth in Plaintiffs' moving and reply briefs, the totality of the circumstances shown by undisputed facts demonstrates that Plaintiffs were employees of Defendants, not true independent contractors. Defendants controlled Plaintiffs' work in all relevant regards: they set pricing, controlled the customer relationships, set the hours of work, supplied necessary equipment, tools, and materials, and required Plaintiffs to wear AABC uniforms, drive AABC vans, and present AABC invoices. Plaintiff's relationship with Defendants was permanent and durable: they worked for Defendants for periods of years, on consistent schedules, and their work was integral to Defendants' business. In short, they were employees under FLSA. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988) (setting forth relevant factors, including "the degree of control exercised by the employer over the workers," "the permanence or duration of the working relationship," and "the extent to which the work is an integral part of the employer's business").

Plaintiffs are entitled to summary judgment declaring Defendants liable, as FLSA employers, for any underpayments proven during the damages phase.

### III. Plaintiffs are Entitled to Summary Judgment on Liability on Their Substantive NYLL Wage-and-Hour Causes of Action

In 2010, finding "that New York state's construction industry is experiencing dangerous levels of employee misclassification fraud," the New York legislature enacted the Construction Industry Fair Play Act. N.Y. Lab. Law § 861-a (McKinney 2019). The CIFPA establishes a presumption that any person providing services for a construction industry contractor is the contractor's employee. *Id.*; *Traver v. Lowe's Home Centers, Inc.*, No. 12 Civ. 3528 (SLT)(VVP), 2014 WL 12825659, at *4 (E.D.N.Y. June 27, 2014), *report and recommendation adopted sub nom. Traver v. Lowe's Home Centers, LLC*, No. 12 Civ. 3528 (AMD)(PK), 2016 WL 880169 (E.D.N.Y. Mar. 1, 2016). To overcome the presumption that workers are employees, the purported employer must demonstrate that the worker is in fact either an "independent contractor" or a "separate business entity." *Id.*

    A.    *Plaintiffs Were Not "Separate Business Entities" under CIFPA*

CIFPA sets forth a twelve-factor test for "separate business entity" status, and the presumption of employment can only be overcome if all twelve factors are met. N.Y. Lab. Law § 861-c(2) . Of particular relevance, a contractor seeking to prove that workers are "separate business entities" under CIFPA must show that "the business entity performs services for the contractor under the business entity's [own] name" and that "the contractor does not represent the business entity as an employee of the contractor to its customers." N.Y. Lab. Law § 861-c(2)(g) and (k).

Here, the undisputed facts show that Plaintiffs were required to represent themselves as AABC personnel, including by wearing AABC uniforms, driving AABC vans, and providing AABC invoices. In addition, Plaintiffs were not permitted to represent themselves to AABC customers as being self-employed or employed by any entity other than AABC. In short,

7

Plaintiffs performed services for Defendants under AABC's name, and AABC represented them to its customers as AABC's employees, not as subcontractors. Accordingly, Plaintiffs cannot be considered "separate business entities" under CIFPA. *Id.*; *see Gemini Ins. Co. v. Titan Constr. Servs., LLC*, No. 17 Civ. 8963 (WHP), 2019 WL 4023719, at *4 (S.D.N.Y. Aug. 27, 2019) (finding employee status under CIFPA where purportedly "separate" subcontractors provided services in name of prime contractor, provided customers with paperwork bearing prime contractor's name and logo, and wore prime contractor's t-shirts at job site, and where prime contractor represented to customers that subcontractors were "affiliated" with it).[7]

### B. *Plaintiffs Were Not Independent Contractors Under CIFPA*

The undisputed facts similarly demonstrate that Plaintiffs were employees, not independent contractors, under CIFPA. Under CIFPA, a person who is not a separate business entity is considered an employee unless

> all of the following criteria are met, in which case the person shall be an independent contractor:
>
> (a) the individual is free from control and direction in performing the job, both under his or her contract and in fact;
>
> (b) the service must be performed outside the usual course of business for which the service is performed; and
>
> (c) the individual is customarily engaged in an independently established trade, occupation, profession, or business that is similar to the service at issue.

---

[7] The Court need not conduct an analysis of all twelve factors before finding that Plaintiffs were not "separate business entities" for purposes of the CIFPA. *Gemini Ins. Co. v. Titan Constr. Servs., LLC*, No. 17 Civ. 8963 (WHP), 2019 WL 4023719, at *4. If a full analysis were conducted, however, several other factors under Section 861-c(2) would also compel a finding that Plaintiffs were employees of Defendants, because they did not perform services free of AABC's direction and control; did not have a substantial investment in their supposedly separate businesses; did not (and could not) make their services available to the general public on a continuing basis; and did not furnish their own tools and equipment. *See* factors enumerated at N.Y. Lab. Law § 861-c (2) (McKinney 2019).

N.Y. Lab. Law § 861-c (1) (McKinney 2019).  Here, the undisputed facts show that Plaintiffs provided AABC's customers with plumbing services, and that AABC's sole business was the provision of plumbing services to those customers.  Thus, Defendants cannot demonstrate that the services provided by Plaintiffs were "performed outside the usual course of [AABC's] business," and Plaintiffs cannot be considered independent contractors under CIFPA.  Plaintiffs are entitled to summary judgment finding that they were employees of Defendants for purposes of the NYLL.

The uncontroverted facts establish that Plaintiffs' compensation was calculated at irregular intervals and was profit-based, rather than correlated to the number of hours Plaintiffs worked.  Sheeri disputes, without citation to any admissible evidence, the number of hours worked by Plaintiffs—but those factual disputes go the quantum of damages, not to the issue of whether Plaintiffs were properly classified as independent contractors, rather than as employees entitled to minimum wage and overtime.  Accordingly, Plaintiffs are entitled to summary judgment finding that they were employees of Defendants for purposes of the NYLL, and that they shall be entitled to damages upon proving, in the damages phase, the number of hours they worked and the compensation they received.

VI. **Plaintiffs are Entitled to Summary Judgment on Their Causes of Action for Violations of the NYLL's Wage Notice, Wage Statement, and Spread-of-Hours Provisions**

Plaintiffs are also entitled to summary judgment declaring Defendants liable on their causes of action alleging violations of the Wage Theft Prevention Act, which is codified at Section 195 of the NYLL, and of the spread-of-hours regulation promulgated under the NYLL, 12 NYCRR § 142-2.18.

Section 195 is strict liability and provides for statutory damages and penalties, separate and aside from the provisions requiring payment of overtime and minimum wage.  There is no

9

dispute that Defendants failed to issue wage notices to Plaintiffs at hire, as required by Section 195(1) of the NYLL, or that they failed to provide wage notices to Plaintiffs with every payment of their wages, as required by Section 195(3).  Accordingly, each Plaintiff is entitled to the $5,000 maximum statutory penalty available under each of those subsections, and each should be granted summary judgment and statutory damages on their Fifth and Sixth Causes of Action.

Plaintiffs are also entitled to summary judgment on liability for their Eighth Cause of Action. New York's spread-of-hours regulation, 12 NYCRR § 142-2.18, is strict liability, and there is no dispute that Defendants did not track Plaintiffs' hours and that Plaintiffs were effectively paid a flat weekly rate, styled as an "advance" against profit sharing, regardless of the hours they actually worked in any given week.  Accordingly, Plaintiffs are entitled to summary judgment declaring that Defendants are liable to Plaintiffs in the amount of one hour's wages at the applicable minimum wage, for each shift in excess of ten hours, during periods in which Plaintiffs prove at the damages phase that they were paid no more than the minimum wage.

V.  **Plaintiffs are Entitled to Summary Judgment Declaring That They Are Entitled to Double Damages, Reasonable Attorneys' Fees, and Prejudgment Interest on their NYLL Claims**

Under the NYLL, a prevailing plaintiff is entitled to "all reasonable attorney's fees [and] prejudgment interest as required under the" CPLR.  N.Y. Lab. Law § 198(1) (McKinney 2019). In addition, a prevailing NYLL plaintiff is entitled to liquidated damages equal to his actual damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." *Id.*

Defendants work in an industry so rife with misclassification that the New York legislature saw fit to enact CIFPA, finding that as many as one in four employees in the construction industry is miscategorized as an independent contractor. N.Y. Lab. Law § 861-a (McKinney).  Because of that epidemic of misclassification among companies like AABC, the

legislature further required all employers in AABC's industry to post notices describing the differences between employees and independent contractors and advising workers of their rights. N.Y. Lab. Law § 861-d (McKinney).  Under these circumstances, Defendants, who assert that nobody affiliated with AABC in any capacity is an employee, cannot plausibly claim to have taken active steps to investigate the requirements of the NYLL, and to comply with those requirements.  Plaintiffs are entitled to summary judgment declaring that damages to be awarded at the inquest should include liquidated damages, reasonable attorneys' fees, and statutory interest.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant summary judgment declaring that declaring that Sheeri is personally liable as an employer under FLSA and the NYLL; (2) grant summary judgment in their favor on liability, on all of their causes of action except their Seventh Cause of Action, on which Plaintiffs have not moved for summary judgment; (3) enter judgment against each Defendant, jointly and severally, in the amount of $5,000 for each Plaintiff on the Fifth Cause of Action, plus statutory interest as provided by the NY CPLR; (4) enter judgment against each Defendant, jointly and severally, in the amount of $5,000 for each Plaintiff on the Sixth Cause of Action plus statutory interest as provided by the NY CPLR; (5) grant summary judgment declaring that Plaintiffs are entitled to double damages on their wage and overtime claims, reasonable attorneys' fees, and statutory interest on their NYLL claims; and (6) set this matter down for an inquest on damages on the First, Second, Third, Fourth, and Eighth Causes of Action.

Dated:   New York, New York
        January 31, 2020                       Respectfully submitted,

                                              **MOSKOWITZ & BOOK, LLP**

                                              By:_____
                                                  Chaim B. Book
                                                  Christopher R. Neff

                                              345 Seventh Ave, 21st Floor
                                              New York, New York 10001
                                              Telephone: (212) 221-7999

                                              *Attorneys for Plaintiffs*